09.10.25

CEM: USAO# 2025R0438

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSEPH PATRICK WELLS,<br><br>Defendant. | CRIMINAL NO. SAG 25cr 283<br><br>(Sexual Exploitation of a Child, 18 U.S.C. § 2251(a), (e); Coercion and Enticement, 18 U.S.C. § 2422(b); Distribution of Child Pornography, 18 U.S.C. 2252A(a)(2); Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B); Forfeiture, 18 U.S.C. §§ 2253 and 2428) |

INDICTMENT

COUNT ONE
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland charges that:

General Allegations

At all times material to this Indictment:

1. **JOSEPH PATRICK WELLS ("WELLS")** was born in 1986 and resided in Annapolis, Maryland.

2. Witness 1 was born in 1993 and resided in Maryland.

3. Witness 2 was born in 1999 and resided in Maryland.

4. In August and September 2024, using a text messaging application, **WELLS** communicated with Witness 1 to arrange for commercial sex with Witness 1. During their text conversations, **WELLS** told Witness 1 that he was interested in producing videos of **WELLS** and Witness 1 engaging in sex acts with minors. **WELLS** sent Witness 1 several images depicting minors engaged in sexually explicit conduct to demonstrate to Witness 1 the type of images and videos he wanted to create with Witness 1. **WELLS** sent Witness 1 a text message that included

1

an image of a prepubescent minor female and told Witness 1 that he wanted to record Witness 1 engaging in sex acts with that minor on either October 19 or October 20, 2024.

5. Witness 1 reported **WELLS'** conduct to the Baltimore County Police Department and ceased communication **WELLS**.

6. In April 2025, using a text messaging application, **WELLS** contacted Witness 2 to arrange for commercial sex with Witness 2. During the text conversation, **WELLS** asked Witness 2 if she had any children, and Witness 2 stated that she had three children, ages one, four, and five.

7. On April 9, 2025, using text messaging, Witness 2 agreed to meet with **WELLS** to engage in commercial sex at a hotel in Laurel, Maryland. While engaging in commercial sex, **WELLS** showed Witness 2 videos and images of children engaging in sexually explicit conduct on his cell phone. **WELLS** told Witness 2 that the videos depicted **WELLS** engaged in sex acts with a child whom **WELLS** claimed was seven years old.

8. **WELLS** told Witness 2 that he pays female commercial sex workers to bring their children to meet with him so that he can perform sex acts on the children and record the sexual abuse. **WELLS** told Witness 2 that he sells the videos for approximately $10,000 per video.

9. **WELLS** solicited Witness 2 to bring her children to the hotel so that **WELLS** could record Witness 2 and her children engaging in sex acts. **WELLS** told Witness 2 that he would pay her from the sale of the videos he produced, and that he would send Witness 2 money using CashApp.

10. Witness 2 told **WELLS** that she would call a family member to bring her children to the hotel. Instead, Witness 2 contacted the Howard County Police Department. **WELLS** fled the scene when officers arrived.

## The Charge

On or about April 9, 2025, in the District of Maryland, the defendant,

**JOSEPH PATRICK WELLS,**

knowingly attempted to and did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, knowing and having reason to know that such a visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and such visual depictions would be produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

18 U.S.C. § 2251(a), (e)

## COUNT TWO
### (Coercion and Enticement)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs One, Three, and Six through Ten of the General Allegations of this Indictment are incorporated here.

2. On or before April 9, 2025, in the District of Maryland, the defendant,

**JOSEPH PATRICK WELLS,**

using any facility and means of interstate and foreign commerce, knowingly attempted to and did persuade, induce, entice and coerce a minor to engage in sexual activity for which any person could be charged with a criminal offense, that is, **WELLS** used his cellular phone to persuade, induce, entice and coerce Witness 2 to provide minors to engage in sexually explicit conduct so that **WELLS** could record such conduct, in violation of 18 U.S.C. §§ 2251(a) and 2252A(a)(2), Md. Code, Crim. Law §§ 11-207(a)(1) and 3-304(a)(3).

18 U.S.C. §§ 2422(b)

## COUNT THREE
### (Distribution of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or before September 20, 2024, in the District of Maryland, the defendant,

### JOSEPH PATRICK WELLS,

did knowingly distribute any visual depiction using any means and facility of interstate and foreign commerce, that had been mailed, shipped, and transported in and affecting interstate and foreign commerce, and which contained materials which had been so mailed, shipped, and transported by any means including by computer, the production of which involved the use of a minor engaged in sexually explicit conduct, as defined in Title 18 United States Code Section 2256(2), and such depicting being of such conduct, that is **WELLS** used text messaging on his cellular phone to distribute a series of image files depicting prepubescent minor victims engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(2) and 2256

## COUNT FOUR
### (Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about April 9, 2025, in the District of Maryland, the defendant,

**JOSEPH PATRICK WELLS,**

knowingly possessed any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), which image had been shipped and transported using any means or facility of interstate and foreign commerce and in and effecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, a Google Pixel cell phone, ID number 19CC4E709B152F4, manufactured outside of the United States, which contained one or more visual depictions of prepubescent minors engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256

## COUNT FIVE
### (Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about April 9, 2025, in the District of Maryland, the defendant,

### JOSEPH PATRICK WELLS,

knowingly possessed any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), which image had been shipped and transported using any means or facility of interstate and foreign commerce and in and effecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, a black BLU cell phone, IMEI 356469985330072, manufactured outside of the United States, which contained one or more visual depictions of prepubescent minors engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 2253 and 2428, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's convictions on any of the alleged offenses charged in Counts One through Five of this Indictment.

### Child Exploitation Forfeiture

2. Upon conviction of any of the alleged offenses in Counts One, Three, Four, and Five of this Indictment, the defendant,

**JOSEPH PATRICK WELLS,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

a. any visual depiction described in Title 18, United States Code, Sections, 2251, 2251A, 2252, or 2252A, 2252B, or 2260 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received, or possessed in violation of Title 18, United States Code, Chapter 110;

b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

### Coercion and Enticement Forfeiture

3. Upon conviction of the offense set forth in Count Two of this Indictment, the defendant,

**JOSEPH PATRICK WELLS,**

8

shall forfeit to the United States, pursuant to 18 U.S.C. § 2428:

    a. Any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense; and

    b. Any property, real or personal, constituting or derived from any proceeds that the defendant obtained, directly or indirectly, as a result of such offense

### Property Subject to Forfeiture

4. The property to be forfeited includes, but is not limited to, the following items seized from the defendant and his residence in Annapolis, Maryland, on or about April 9, 2025:

    a. black BLU cell phone, IMEI 356469985330072; and

    b. a Google Pixel cell phone, ID number 19CC4E709B152F4.

### Substitute Assets

5. If any of the property described above, as a result of any act or omission of the defendant:

    c. cannot be located upon the exercise of due diligence;

    d. has been transferred or sold to, or deposited with, a third party;

    e. has been placed beyond the jurisdiction of the Court;

    f. has been substantially diminished in value; or

    g. has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

18 U.S.C. § 2253
18 U.S.C. § 2428
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_Kelly O. Hayes_
Kelly O. Hayes
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

FOREPERSON

9/18/2025
Date